IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| MATHEW WHITEST, M.D., SARAH WILLIAMSON, KENYA WILLIAMSON, BETTY JEAN WILLIAMSON, GEORGE WHITEHEAD, JR., CURTIS LUCAS, JR., and CRANDALL POSTELL, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION NO.: 1:17-cv-00109-LJA |
| v. | ) ) | |
| CRISP COUNTY, GEORGIA BOARD OF EDUCATION; SCOTT FOREHAND, BILL WILSON, LYDIA ADKINS, LELEE PHINNEY, LONNIE NELMS and CHARLES KERR in their official capacities as members of the Board of Education of Crisp County; and BECKY PERKINS, in her official capacity as Elections Supervisor of the Crisp County Board of Elections and Registration, | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' COMPLAINT BY DEFENDANT BECKY PERKINS, IN HER OFFICIAL CAPACITY AS ELECTIONS SUPERVISOR OF THE CRISP COUNTY BOARD OF ELECTIONS AND REGISTRATION**

COMES NOW Defendant Becky Perkins, in her official capacity as Elections Supervisor of the Crisp County Board of Elections and Registration ("Ms. Perkins"), and files this Brief in Support of her Motion to Dismiss Plaintiffs' Complaint, showing the Court as follows:

**I.      INTRODUCTION**

In the seventh year following the 2010 decennial Census, Plaintiffs bring this case contending that the at-large, nonpartisan elections to the Crisp County Board of Education violate Section 2 of the Voting Rights Act ("VRA"), 52 U.S.C. § 10301. [Doc. 1, ¶¶ 1-3]. Plaintiffs contend that the members (who have each been elected for six-year terms) should be

required to run from single-member districts, starting with the 2018 elections. [*Id.*, ¶ 12 and Prayer for Relief].

Setting aside Plaintiffs' inexplicable delay in bringing their case, Ms. Perkins should be dismissed from the case.  She is not the Election Superintendent of Crisp County, and therefore cannot offer relief which Plaintiffs seek, *i.e.*, the imposition of injunctive relief if the Court rules in Plaintiffs' favor.  Likewise, none of the other defendants Plaintiffs name can give them such relief and should be dismissed from the case. Finally, Plaintiffs' extreme delay in bringing this claim, including waiting until almost every term of every member has expired, supports dismissal under the doctrine of laches.

## II.    STATEMENT OF FACTS

Despite many years of electing members to the Crisp County Board of Education through at-large, nonpartisan elections for terms of six years, Plaintiffs suddenly claim that the system violates Section 2 of the Voting Rights Act and that all members should be elected from single-member districts. [Doc. 1, ¶¶ 3, 12]. According to Plaintiffs, a single-member district plan could provide "one or more" potential districts in which African-Americans could constitute a majority of such a district.  [*Id.*, at ¶ 3].

In making their Complaint, Plaintiffs name the Crisp County Board of Education, all its members, and Ms. Perkins, who is the Supervisor of Elections. [Doc. 1, ¶ 10]. Presumably, Ms. Perkins is named for purposes of injunctive relief with respect to the holding of elections. However, as discussed below, such relief cannot be awarded against Ms. Perkins, as she is an employee of the Election Superintendent, *i.e.*, the Board of Elections and Registration ("the Board"), and is not herself the Superintendent.  In the same vein, the Board of Education and its

members do not have authority to hold elections and therefore cannot be the subject of such injunctive relief either.

### III.    ARGUMENT AND CITATION OF AUTHORITY

**A. Plaintiffs' Complaint against Ms. Perkins Should Be Dismissed under Federal Rule of Civil Procedure 12(b)(6) because the Requested Relief Cannot be Granted against Her.**

In their Complaint, Plaintiffs seek relief from the Court in the form of declaratory judgment, a new plan, and injunctive relief against any further elections being held under the School Board plan. [*Id.*, ¶ 27, Prayer for Relief]. With respect to Ms. Perkins, Plaintiffs apparently request that injunctive relief be issued against her, prohibiting her from calling and holding elections under the current plan. [*Id.*, ¶ 10, Prayer for Relief].

But as the Elections Supervisor, Ms. Perkins does not call or hold the elections in Crisp County.  Instead, as in all other Georgia counties, those responsibilities are those of the Election Superintendent.  O.C.G.A. § 21-2-40; *National Broad. Co., Inc. v. Cleland*, 697 F. Supp. 1204, 1216 (N.D. Ga. 1988) ("It is the Superintendents who supervise the election and primary process on a local level and ensure compliance with Georgia's election laws."). Under Georgia law, the election superintendent is "[e]ither the judge of the probate court of a county or the county board of elections, the county board of elections and registration, the joint city-county board of elections, or the joint city-county board of elections and registration, if a county has such." O.C.G.A. § 21-2-2(35)(A). In Crisp County, the Board of Elections and Registration is the Election Superintendent; Ms. Perkins is the Board's employee.

This distinction is further confirmed by the 2005 enabling legislation that created the Crisp County Board of Elections and Registration, attached to this brief as Appendix 1.  In pertinent part, that legislation provides as follows:

3

**SECTION 1.**

Pursuant to subsection (b) of Code Section 21-2-40 of the O.C.G.A., there is created the Board of Elections and Registration of Crisp County, hereinafter referred to as "the board." The board shall have the powers, duties, and responsibilities of the judge of the probate court of Crisp County under Chapter 2 of Title 21 of the O.C.G.A., the "Georgia Election Code," and the powers, duties, and responsibilities of the board of registrars of Crisp County under Chapter 2 of Title 21 of the O.C.G.A., the "Georgia Election Code."

. . .

**SECTION 9.**

(a) The board shall be authorized to organize itself, determine its procedural rules and regulations, adopt bylaws, specify the functions and duties of its employees, and otherwise take such action as is appropriate to the management of the affairs committed to its supervision; provided, however, that no such action shall conflict with state law. Action and decision by the board shall be by a majority of the members of the board. The board shall be responsible for the selection, appointment, and training of poll workers in primaries and elections.

(b) The board shall fix and establish, by appropriate resolution entered on its minutes, directives governing the execution of matters within its jurisdiction. Any specially called meeting shall be called by the chairperson or any two members of the board. The board shall maintain a written record of policy decisions amended to include additions or deletions. · Such written records shall be made available for the public to review.

. . .

**SECTION 10.**

The board shall have the authority to contract with any municipality located within Crisp County for the holding by the board of any primary or election to be conducted within such municipality.

. . .

**SECTION 11.**

(a) The governing authority of Crisp County shall be authorized to appoint an election supervisor to generally supervise, direct, and control the administration of the affairs of the board pursuant to law and duly adopted resolutions of the board. The election supervisor shall not be a member of the board. The election supervisor shall be considered an employee of Crisp County and shall be entitled to the same benefits as other employees of Crisp County.

(b) The governing authority of Crisp County is authorized to employ additional clerical assistants as needed to carry out the duties and functions of the board. All such clerical assistants shall be considered to be employees of Crisp County and shall be entitled to the same benefits as other employees of Crisp County.

Because Ms. Perkins is not the Superintendent of the Board of Elections and Registration and cannot provide any of the relief sought by Plaintiffs, the Complaint against her should be dismissed under Fed. R. Civ. P. 12(b)(6).

> **B.  Likewise, because Plaintiffs Failed to Join a Necessary Party Under Federal Rules of Civil Procedure 12(b)(7) and 19, their Complaint Should be Dismissed.**

By seeking injunctive relief but failing to name the Election Superintendent, Plaintiffs have sued the wrong parties. None of the currently named defendants are responsible for elections in Crisp County or can be directed to provide the injunctive relief sought. The Board of

Elections and Registration oversees the election process. O.C.G.A. § 21-2-2; *National Broad. Co.*, 697 F. Supp. at 1216. Because the Board calls and holds the elections, the Board is the only correct defendant and the party in whose absence complete relief cannot be accorded to Plaintiffs. Appendix 1; Fed. R. Civ. P. 19; *Mann v. City of Albany, Ga.*, 883 F.2d 999, 1002 (11th Cir. 1989). Plaintiffs' Complaint should therefore also be dismissed for failure to join a necessary party. Fed. R. Civ. P. 12(b)(7).

### C. Plaintiffs' Complaint Should be Dismissed under the Doctrine of Laches.

The plan Plaintiffs attack has been used for many years without any opposition from Plaintiffs.  Plaintiffs now ask this Court to find a Section 2 violation and implement a new plan for the remaining elections (2018 and 2020).

There is no reasonable excuse for Plaintiffs' delay.  Plaintiffs sat on the rights they now claim, and laches should bar their Complaint.

A defendant asserting laches must show "(1) lack of diligence by the party against whom the defense is asserted, and (2) prejudice to the party asserting the defense." *Costello v. United States*, 365 U.S. 265, 282 (1961).  In *White v. Daniel*, 909 F.2d 99 (4th Cir. 1990), the Fourth Circuit considered the laches defense in the context of a Voting Rights case and determined it barred the plaintiffs' claim.  The *White* plaintiffs had the data and the plan they challenged had existed for a long while – 17 years – and the defendant was clearly prejudiced by the plaintiffs' filing in 1988. Here, the at-large system has existed for many years, and Plaintiffs neither challenged it at any point during those years nor offer any reason for their delay in doing so. Further, the Defendants are prejudiced by the delay and a call for a new plan at this late date in the decade.  In *White*, the Fourth Circuit outlined the prejudicial effect when plaintiffs wanted a new plan sixteen months before the next Census.  First, "'there is large potential for disruption in

6

reapportioning with undue frequency.'" *White*, 909 F.2d at 104 (quoting *Maryland Citizens for a Representative Gen. Assembly v. Governor of Maryland*, 429 F.2d 606, 610 (4th Cir. 1970)). Second, a reapportionment done in 1988 using 1980 Census figures "might not provide fair and accurate representation for the citizens of the County." *White*, 909 F.2d at 104. Those two factors led the court to conclude that the county would be unduly prejudiced.

Such is the case here as well. Plaintiffs apparently want a new plan before the 2020 Census but made no effort to obtain one before now. Instead, they waited and now ask this Court to redistrict for either the 2018 or 2020 elections for six year terms. Plaintiffs seek a new plan using 2010 numbers for a plan being created in 2018 or later, thus resulting in the situation described in *White*, *i.e.*, not providing fair and accurate representation to the citizens of the County.

Plaintiffs do not and cannot provide an excuse for their delay while Defendants and the voters in Crisp County are prejudiced by the delay. Therefore, Plaintiffs' Complaint should also be dismissed under the doctrine of laches.

## IV.    CONCLUSION

The Court should dismiss this case under Fed. R. Civ. P. 12(b)(6) because Ms. Perkins is an incorrect defendant and cannot be the subject of an injunction if Plaintiffs were to obtain one. She does not call or control the elections in Crisp County; the Board of Elections and Registration does that. Second, for that same reason, none of the other Defendants can provide the relief sought; Plaintiffs have failed to name an indispensable party, and their claim should be dismissed. Finally, Plaintiffs' years' long delay in bringing their claim is unreasonable and will

be prejudicial to Crisp County if it is forced now to change the election system for one or two[1]

elections prior to the next Census.   For these reasons, Ms. Perkins respectfully asks for dismissal

from this case.

      Respectfully submitted this 9th day of August, 2017.

> /s/ Anne W. Lewis
> Anne W. Lewis
> Georgia Bar No. 737490
> awl@sbllaw.net
> Barclay S. Hendrix
> Georgia Bar No. 917852
> barclay.hendrix@sbllaw.com
> STRICKLAND BROCKINGTON LEWIS LLP
> Midtown Proscenium Suite 2200
> 1170 Peachtree Street NE
> Atlanta, Georgia 30309
> (678) 347-2200 (telephone)
> (678) 347-2210 (facsimile)
>
> *Attorneys for Defendant Becky Perkins in her official capacity*

---

[1] Defendant Ms. Perkins respectfully submits that a change for the 2018 election is unlikely in that qualifying for the two positions that are up for election will begin in less than six months, on March 5, 2018. *See* http://sos.ga.gov/index.php/elections/2018_elections_and_voter_registration_calendar.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| MATHEW WHITEST, M.D., *et al.,* | ) | |
| | ) | |
| Plaintiffs, | ) | CIVIL ACTION NO.: |
| | ) | 1:17-cv-109-LJA |
| v. | ) | |
| | ) | |
| CRISP COUNTY, GEORGIA BOARD OF EDUCATION, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I have this day electronically served the within and foregoing **BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' COMPLAINT BY DEFENDANT BECKY PERKINS, IN HER OFFICIAL CAPACITY AS ELECTIONS SUPERVISOR OF THE CRISP COUNTY BOARD OF ELECTIONS AND REGISTRATION** to the following attorneys of record:

M. Laughlin McDonald, Esq.
2700 International Tower
229 Peachtree Street, NE
Atlanta, GA 30303
lmcdonald@aclu.org

Bryan L. Sells, Esq.
P.O. Box 5493
Atlanta, GA 31107
bryan@bryansellslaw.com

Aklima Khondoker
Sean J. Young
American Civil Liberties Union of Georgia
P. O. Box 77208
Atlanta, Georgia 33057
akhondoker@acluga.org
syoung@acluga.org

Phillip L. Hartley
Hieu M. Nguyen
Harben, Hartley & Hawkins, LLP
340 Jesse Jewell Parkway, Suite 750
phartley@hhhlawyers.com

hnguyen@hhhlawyers.com

This 9th day of August, 2017.

s/ Anne W. Lewis
Anne W. Lewis
Georgia Bar No. 737490