IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

MATHEW WHITEST, M.D., SARAH        :
WILLIAMSON, KENYA WILLIAMSON,      :
BETTY JEAN WILLIAMSON, GEORGE      :
WHITEHEAD, JR., CURTIS LUCAS, JR., :
and CRANDALL POSTELL,              :
                                   :
Plaintiffs,                        :
                                   :
v.                                 :        Civil Action File No.:
                                   :        1:17-cv-00109-LJA
                                   :
CRISP COUNTY, GEORGIA, BOARD OF :
EDUCATION; SCOTT FOREHAND, BILL :
WILSON, LYDIA ADKINS, LELEE        :
PHINNEY, LONNIE NELMS, and         :
CHARLES KERR in their official capacities :
as members of the Board of Education of :
Crisp County; CRISP COUNTY,        :
GEORGIA, BOARD OF ELECTIONS        :
AND REGISTRATION; and BECKY        :
PERKINS, in her official capacity as :
Elections Supervisor of the Crisp County :
Board of Elections and Registration, :
                                   :
Defendants.                        :
_____ :

## AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiffs file this Amended Complaint as a matter of course pursuant to Rule 15(a)(1)(B),

F.R. Civ. P., within 21 days after service of responsive pleadings by Defendants.

The Nature of the Case

1.

African Americans in Crisp County - who comprise over 40% of the population - do not

have an equal opportunity as compared with whites to participate in the political process and

elect candidates of their choice in elections for the Board of Education of Crisp County, which are racially polarized. Specifically, the at-large system of the six-member Board of Education of Crisp County has made it difficult for African-American voters to elect the candidates of their choice when they are up against candidates supported by the white community, primarily because they are in the minority. This is unsurprising, since at-large systems have historically been used as a racially discriminatory tool to ensure that African-American voters, when they are a minority of the voting population, are almost never able to elect a candidate of their choice in contested elections. *See United States v. Marengo Cnty. Comm'n*, 731 F.2d 1546, 1556 (11th Cir. 1984) ("over one hundred years of historical records . . . establish that at-large elections were established for discriminatory reasons."). This is especially the case where, as in Crisp County, a history of racial discrimination and severe socioeconomic racial disparities, among other factors, have made it even more difficult for African Americans to participate in the political process.

2.

For these reasons, Congress amended Section 2 of the Voting Rights Act in 1982, 52 U.S.C. § 10301, to ensure that electoral devices such as at-large elections could be struck down when they have a discriminatory *effect*, even if discriminatory *intent* could not be proved. *See id.* at 1558 ("In almost all conceivable cases, the [government] can articulate a plausible neutral reason for preferring the at-large method." (citation omitted)).

3.

This action seeks to enforce this provision. Plaintiffs, African American voters in Crisp County, seek declaratory and injunctive relief against continued use of the existing at-large method of electing the members of the Board of Education of Crisp County, Georgia because it dilutes the voting strength of African-American voters in violation of Section 2. Specifically, this Court can remedy this discriminatory practice by using six single-member districts, where

each Board member is elected by a single district of Crisp County rather than having all six members be elected by the entire county.  Here in Crisp County, African Americans are sufficiently numerous and geographically compact enough to constitute a majority in one or more of these potential single-member districts, which can help ensure that African Americans have an equal opportunity to participate in the political process and to elect candidates of their choice.

### Jurisdiction and Venue

4.

Plaintiffs invoke the jurisdiction of this Court under 28 U.S.C. §§ 1331, 1343(a)(3) and (4), 2201, and 2202, this suit being authorized by 52 U.S.C. §§ 10302 and 10308(f), and 42 U.S.C. § 1983.

5.

Venue is proper in this District under 28 U.S.C. § 1391(b) because the events giving rise to Plaintiffs' claims occurred, and are occurring, in this District.

### Parties

6.

Plaintiffs Mathew Whitest, M.D., Sarah Williamson, Kenya Williamson, Betty Jean Williamson, George Whitehead, Jr., Curtis Lucas, Jr., and Crandall Postell, are African-Americans, registered voters, and residents of Crisp County, Georgia.

7.

Plaintiffs desire to participate in the electoral and political processes of the Crisp County Board of Education on an equal basis with other residents and to have the equal opportunity to elect representatives of their choice to the Crisp County Board of Education.

8.

Defendant Board of Education of Crisp County is a political body of the state of Georgia, and is the governing body of Crisp County Schools.

9.

Defendants Scott Forehand, Bill Wilson, Lydia Adkins, Lelee Phinney, Lonnie Nelms, and Charles Kerr are residents of Crisp County and are the elected members of the Board of Education of Crisp County.  They are sued in their official capacities as members of the Board of Education.

10.

Defendant Crisp County Board of Elections and Registration is a political body of the state of Georgia, and has the responsibility for conducting elections for the Board of Education of Crisp County.

11.

Defendant Becky Perkins is the Elections Supervisor of the Crisp County Board of Elections and Registration, and has the responsibility of conducting elections for the Board of Education of Crisp County.   She is sued in her official capacity as Elections Supervisor.

Factual Allegations

12.

According to the 2010 Census, the total population of Crisp County is 23,439 persons, of whom 53.3% are white and 43% are African-American.  As of 2016 there were 10,262 active registered voters in Crisp County, of whom 56.6% were white, 40.3% were African-American, 0.5% were Asian or Hispanic, and 2.1 % were other.

13.

The Board of Education of Crisp County consists of six members elected at-large.  Terms of office are staggered and are for six years.  Elections are non-partisan and are conducted in the general election next preceding the expiration of the term of office.

14.

African-Americans in Crisp County are sufficiently numerous and geographically compact that they can constitute a majority in one or more single-member districts for the election of members of the Board of Education.

15.

African-Americans in elections for the Board of Education in Crisp County are politically cohesive in that they tend to vote as a bloc.

16.

African-Americans in Crisp County have organized themselves collectively for political activity.

17.

African-Americans in Crisp County and Georgia have common socio-economic characteristics, and a common and distinct history and heritage.

18.

Candidates for the Board of Education in Crisp County that are preferred by African-Americans are usually defeated by the white majority voting as a bloc.

19.

Historically, African-Americans in Crisp County and Georgia have been subject to private as well as official discrimination on the basis of race, including discrimination in attempting to exercise their rights of franchise and to participate equally with other residents in the political processes.

20.

African-Americans in Crisp County and Georgia bear the effects of discrimination on the basis of race in education, housing, employment, and health services which have resulted in a lower socio-economic status which hinders their ability to participate effectively in the political process.

21.

Voting in elections for the Board of Education in Crisp County is racially polarized.

22.

Because of the at-large method of elections and polarized voting, African-Americans in Crisp County have been discouraged from running for office on the Board of Education.

23.

African-Americans in Crisp County have less opportunity than other residents to participate in the political process and to elect candidates of their choice to the Board of Education.

24.

The policy underlying at-large elections for the Board of Education is tenuous.

25.

The existing at-large method of elections for the Board of Education denies or abridges the right of Plaintiffs and African-Americans to vote on the basis of race or color.

26.

The Defendants' actions complained of herein are under color of law of the State of Georgia.

<u>Cause of Action</u>

27.

Plaintiffs re-allege and incorporate by reference each and every allegation contained in Paragraphs 1 through 26 above.

28.

Section 2 of the Voting Rights Act, 52 U.S.C. § 10301, protects Plaintiffs from denial or abridgement of the right to vote on account of race.  Section 2 provides in relevant part:

> (a) No voting qualification or prerequisite to voting or standard, practice, or procedure shall be imposed or applied by any State of political subdivision in a manner which results in a denial or abridgment of the right of any citizen of the United States to vote on account of race or color . . .
> (b) A violation of subsection (a) of this section is established if, based on the totality of circumstances, it is shown that the political processes leading to nomination or election in the State or political subdivision are not equally open to participation by members of a class of citizens protected by subsection (a) of this section in that its members have less opportunity than other members of the electorate to participate in the political process and to elect representatives of their choice.

29.

The existing at-large method of electing the Crisp County Board of Education has the result and effect of denying or abridging the equal right of African-Americans to participate in the political process and to elect representatives of their choice in violation of Plaintiffs' rights guaranteed by Section 2 of the Voting Rights Act.

30.

A real and actual controversy exists between the parties.  Plaintiffs have no adequate remedy at law other than this action for declaratory and injunctive relief.  Plaintiffs are suffering irreparable injury as a result of the violations complained of herein and that injury will continue unless declared unlawful and enjoined by this Court.

(PRAYER AND SIGNATURE ON FOLLOWING PAGE)

Prayer for Relief

WHEREFORE, Plaintiffs respectfully pray that this Court:

(1)  take jurisdiction of this case;

(2)  enter a declaratory judgment that the existing at-large method of electing the Crisp County Board of Education violates Section 2 of the Voting Rights Act, 52 U.S.C. § 10301;

(3)  enjoin Defendants from conducting any future elections for the Board of Education under the existing at-large system;

(4)  enjoin Defendants from failing to conduct elections for the Board of Education in a timely fashion pursuant to a redistricting plan that complies with Section 2 of the Voting Rights Act and the Constitution of the United States;

(5)  in the event Defendants fail or are unable to conduct elections for the Board of Education in a timely fashion pursuant to a redistricting plan that complies with Section 2 of the Voting Rights Act and the Constitution of the United States, implement a court ordered redistricting plan and schedule of elections;

(6)  award Plaintiffs the costs of this action together with their reasonable attorneys' fees pursuant to 52 U.S.C. § 10310(e) and 42 U.S.C. § 1988; and,

(7)  retain jurisdiction of this action and grant Plaintiffs any further relief which may in the discretion of this Court be necessary and proper to ensure that timely and lawful procedures are used in elections for the Board of Education.

Dated this 30th day of August 2017.

Respectfully submitted,


/s/_Laughlin McDonald_____
M. LAUGHLIN McDONALD
Ga. Bar No. 489550
American Civil Liberties Union Foundation, Inc.
2700 International Tower
229 Peachtree Street
Atlanta, Georgia 30303
(404) 500-1235
Lmcdonald@aclu.org

| | | |
|---|---|---|
| Bryan L. Sells | Aklima Khondoker | Sean J. Young |
| Ga. Bar No. 635562 | Ga. Bar No. 410345 | Ga. Bar No. 790399 |
| The Law Office of Bryan Sells, LLC | American Civil Liberties Union | American Civil Liberties Union |
| P.O. Box 5493 | Foundation of Georgia | Foundation of Georgia |
| Atlanta, Georgia 31107 | P.O. Box 77208 | P.O. Box 77208 |
| (404) 480-4212 | Atlanta, Georgia 33057 | Atlanta, Georgia 33057 |
| bryan@bryansellslaw.com | (770) 303-8111 | (770) 303-8111 |
| | akhondoker@acluga.org | syoung@acluga.org |

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

This is to certify that the foregoing Amended Complaint will be served on Defendant Crisp County Board of Elections and Registration at the following address: 201 7th Street South, Cordele, Georgia, 31015, and on the other Defendants via the ECF System.

Date: August 30, 2017

/s/_Laughlin McDonald_____
M. LAUGHLIN McDONALD
Ga. Bar No. 489550
American Civil Liberties Union Foundation, Inc.
2700 International Tower
229 Peachtree Street
Atlanta, Georgia 30303
(404) 500-1235
Lmcdonald@aclu.org