IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| MATHEW WHITEST, M.D., SARAH WILLIAMSON, KENYA WILLIAMSON, BETTY JEAN WILLIAMSON, GEORGE WHITEHEAD, JR., CURTIS LUCAS, JR., and CRANDALL POSTELL, <br><br> Plaintiffs, <br><br> v. <br><br> CRISP COUNTY, GEORGIA BOARD OF EDUCATION; SCOTT FOREHAND, BILL WILSON, LYDIA ADKINS, LELEE PHINNEY, LONNIE NELMS and CHARLES KERR in their official capacities as members of the Board of Education of Crisp County; CRISP COUNTY, GEORGIA, BOARD OF ELECTIONS AND REGISTRATION; and BECKY PERKINS, in her official capacity as Elections Supervisor of the Crisp County Board of Elections and Registration, <br><br> Defendants. | CIVIL ACTION NO.: <br> 1:17-cv-00109-LJA |

**ANSWER TO AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND RESPONSIVE PLEADINGS ON BEHALF OF DEFENDANTS CRISP COUNTY BOARD OF EDUCATION, SCOTT FOREHAND, BILL WILSON, LYDIA ADKINS, LELEE PHINNEY, LONNIE NELMS AND CHARLES KERR**

COME NOW the Defendants Crisp County, Georgia Board of Education,[1] and by *special appearance*[2] and through their undersigned attorneys, Scott Forehand, Bill Wilson, Lydia Adkins, Lelee Phinney, Lonnie Nelms and Charles Kerr, in their official capacities as members

---

[1] The Crisp County, Georgia Board of Education is not a proper party capable of being sued. By responding to Plaintiffs' Amended Complaint, this Defendant is not waiving the right to assert that the "Crisp County, Georgia Board of Education" is not a proper party. The proper party is the Crisp County School District and these Defendants will refer throughout this Answer to Defendant "School District."

[2] This Answer on behalf of the individually named Defendants is filed by special appearance and these Defendants do not waive their right to raise defenses regarding personal jurisdiction, improper service or any other procedural defenses.

of the Board of Education of Crisp County (hereinafter referred to as "these Defendants"), and respond to Plaintiffs' Amended Complaint for Declaratory and Injunctive Relief as follows:

## FIRST DEFENSE

Plaintiffs' Amended Complaint against these Defendants fails to state a claim upon which relief can be granted and therefore, should be dismissed.

## SECOND DEFENSE

Plaintiffs' Amended Complaint requests relief that will result in a violation of the U.S. Constitution and/or relevant election laws.

## THIRD DEFENSE

The individually named Defendants have not been properly served.

## FOURTH DEFENSE

In responding to the separately numbered paragraphs of Plaintiffs' Amended Complaint for Declaratory and Injunctive Relief (hereafter "Complaint"), these Defendants state:

### THE NATURE OF THE CASE

1.

These Defendants deny the allegations of paragraph 1 of the Complaint.

2.

Paragraph 2 of Plaintiffs' Complaint is a statement of law which requires no response from Defendants. To the extent that one is required, these Defendants deny that they violated Section 2 of the Voting Rights Act.

3.

These Defendants deny that in Crisp County African Americans are sufficiently numerous and geographically compact enough to constitute a majority in one or more of these potential single-member districts, and further deny any discriminatory practice or violation of

Section 2.  The remaining allegations of Paragraph 3 of Plaintiffs' Complaint set out the contentions of Plaintiffs in this action, which require no response from Defendants.  To the extent that one is required, these Defendants deny they violated the statute identified in paragraph 3 of Plaintiffs' Complaint or that the Board's method of election "dilutes the voting strength of African-American voters" in violation of Section 2.

### JURISDICTION AND VENUE

4.

These Defendants admit that this Court has jurisdiction over Plaintiffs' claims, but deny that they have stated a claim against these Defendants.

5.

These Defendants admit the allegations of paragraph 5 of the Complaint.

### PARTIES

6.

These Defendants are without sufficient knowledge and information either to admit or deny the allegations of paragraph 6 of the Complaint.

7.

These Defendants are without sufficient knowledge and information either to admit or deny what Plaintiffs desire, but deny any implication that Plaintiffs were unable to participate in the electoral and political processes on an equal basis with other residents or have not had the equal opportunity to elect representatives of their choice to the Crisp County Board of Education.

8.

In response to the allegations of paragraph 8, these Defendants state that the Crisp County School District is a political subdivision of the State of Georgia and that the Board of Education is the governing body of the School District, but deny the remaining allegations of this

paragraph as stated.

9.

These Defendants admit the allegations of paragraph 9 of the Complaint.

10.

Upon information and belief, these Defendants admit the allegations of paragraph 10 of the Complaint.

11.

Upon information and belief, these Defendants admit the allegations of paragraph 11 of the Complaint.

**FACTUAL ALLEGATIONS**

12.

These Defendants admit that according to the 2010 Census, the total population of Crisp County is 23,439 persons, of whom 53.3% are white and 43% are African-American. These Defendants are without sufficient knowledge and information either to admit or deny the remaining allegations of paragraph 12 of the Complaint.

13.

These Defendants admit that the Board of Education of Crisp County consists of six members elected at-large and that terms of office are staggered and are for six years. These Defendants further state that elections for some of the seats are non-partisan and are conducted in the general election next preceding the expiration of the term of office but deny the remaining allegations of paragraph 13 of the Complaint.

14.

These Defendants deny the allegations of paragraph 14 of the Complaint.

15.

These Defendants are without sufficient knowledge and information either to admit or deny the allegations of paragraph 15 of the Complaint.

16.

These Defendants deny the allegations of paragraph 16 of the Complaint.

17.

These Defendants deny the allegations of paragraph 17 of the Complaint.

18.

These Defendants are without sufficient knowledge and information either to admit or deny the allegations of paragraph 18 of the Complaint.

19.

These Defendants deny the allegations of paragraph 19 of the Complaint.

20.

These Defendants deny the allegations of paragraph 20 of the Complaint.

21.

These Defendants deny the allegations of paragraph 21 of the Complaint.

22.

These Defendants deny the allegations of paragraph 22 of the Complaint.

23.

These Defendants deny the allegations of paragraph 23 of the Complaint.

24.

These Defendants deny the allegations of paragraph 24 of the Complaint.

25.

These Defendants deny the allegotions of paragraph 25 of the Complaint.

26.

These Defendants admit the allegations of paragraph 26 of the Complaint.

## CAUSE OF ACTION

27.

These Defendants incorporate their responses to paragraphs 1 through 26 above in response to the allegations of paragraph 27 of Plaintiffs' Complaint.

28.

Paragraph 28 of Plaintiffs' Complaint is a statement of law which requires no response from Defendants.  To the extent that one is required, these Defendants deny that they violated the quoted provision or any other provisions of Section 2 of the Voting Rights Act.

29.

These Defendants deny the allegations of paragraph 29 of the Complaint.

30.

These Defendants deny the allegations of paragraph 30 of the Complaint and the relief sought under the "Prayer for Relief."

## GENERAL DENIAL

All allegations of Plaintiffs' Complaint which have not been admitted, denied or otherwise responded to above are hereby denied.

Based on the foregoing, these Defendants state that Plaintiffs are not entitled to any of the relief prayed for in their Complaint;

WHEREFORE, having fully answered, these Defendants pray for judgment in their favor and against Plaintiffs, to be discharged without costs and to be awarded such costs, attorney's fees and relief as this Court may deem equitable and proper.

This 13th day of September, 2017.

        HARBEN, HARTLEY & HAWKINS, LLP

        *s/Hieu M. Nguyen*
        Hieu M. Nguyen
        Georgia Bar No. 382526

        *s/Phillip L. Hartley*
        Phillip L. Hartley
        Georgia Bar No. 333987

        ATTORNEYS FOR DEFENDANTS
        CRISP COUNTY BOARD OF EDUCATION,
        SCOTT FOREHAND, BILL WILSON, LYDIA
        ADKINS, LELEE PHINNEY, LONNIE NELMS
        AND CHARLES KERR

340 Jesse Jewell Parkway, Suite 750
Gainesville, Georgia 30501
Telephone: (770) 534-7341
Facsimile: (770) 532-0399
Email: phartley@hhhlawyers.com
Email: hnguyen@hhhlawyers.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | |
|---|---|
| MATHEW WHITEST, M.D., *et al.*, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> CRISP COUNTY, GEORGIA BOARD OF ) <br> EDUCATION, *et al.*, ) <br> ) <br> Defendants. ) <br> ) | CIVIL ACTION FILE NO. <br><br> 1:17-cv-00109-LJA |

**CERTIFICATE OF SERVICE**

I hereby certify that on September 13, 2017, I electronically filed the *Answer to Amended Complaint for Declaratory and Injunctive Relief and Responsive Pleadings on behalf of Defendants Crisp County Board of Education, Scott Forehand, Bill Wilson, Lydia Adkins, Lelee Phinney, Lonnie Nelms and Charles Kerr* with the Clerk of the Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorneys of record:

    Laughlin McDonald – lmcdonald@aclu.org
    Aklima Khondoker – akhondoker@acluga.org
    Sean J. Young – syoung@acluga.org
    Bryan L. Sells – bryan@bryansellslaw.com
    Anne W. Lewis – awl@sbllaw.com
    Barclay S. Hendrix – barclay.hendrix@sbllaw.com

                                      HARBEN, HARTLEY & HAWKINS, LLP

                                      */s/Hieu M. Nguyen*
                                      Hieu M. Nguyen
                                      Georgia Bar No. 382526

340 Jesse Jewell Parkway, Suite 750    Attorney for Defendants
Gainesville, Georgia 30501                     Crisp County Board of Education, Scott Forehand,
Telephone: (770) 534-7341                   Bill Wilson, Lydia Adkins, Lelee Phinney, Lonnie
Facsimile: (770) 532-0399                    Nelms and Charles Kerr
Email: hnguyen@hhhlawyers.com