IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| MATHEW WHITEST, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | CIVIL ACTION NO.: |
| ) | 1:17-cv-00109-LJA |
| v. ) | |
| ) | |
| CRISP COUNTY, GEORGIA BOARD OF ) | |
| EDUCATION, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**REPLY BRIEF IN FURTHER SUPPORT OF MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT BY DEFENDANT BECKY PERKINS, IN HER OFFICIAL CAPACITY AS ELECTIONS SUPERVISOR OF THE CRISP COUNTY BOARD OF ELECTIONS AND REGISTRATION**

Plaintiffs concede in their Brief in Opposition to Defendant Becky Perkins' Motion to Dismiss Plaintiffs' Amended Complaint [Doc. 31] ("Pls.' Resp.") that naming Defendant Becky Perkins, in her official capacity as Elections Supervisor of the Crisp County Board of Elections and Registration ("Ms. Perkins"), is just another way of naming the Board of Elections and Registration ("BOER"). Since the BOER is already a party to this case, Ms. Perkins is a redundant party and should be dismissed. She is not a proper party for implementing any injunctive relief entered in the case, as her actions will merely be directed by the BOER. Further, Plaintiffs offered no reasonable justification for their extreme delay in bringing this suit, and it should be dismissed under the doctrine of laches as judicial intervention does not make sense so close to the 2020 census and 2021 reapportionment.

1

## ARGUMENT AND CITATION OF AUTHORITY

### A. Plaintiffs' Claims against Ms. Perkins Are Redundant and Should Be Dismissed

As Plaintiffs note in their Response, "this suit against Ms. Perkins in her official capacity is merely another way of pleading the action against the Board of Elections and Registration of which she is an employee and an agent." Pls.' Resp., p. 4. Plaintiffs do not need another way of pleading the action against the BOER; they have added the BOER as a party to this very suit.

Even if this Court is not *required* to dismiss Ms. Perkins because she is a redundant party, "Courts in this circuit **routinely and overwhelmingly** deem suits against both a local government official in his official capacity and the entity of which the officer is an agent to be redundant, and dismiss the official-capacity claims against the individual defendant on that basis." *Dunn v. Guidry*, No. 5:11-CV-489 CAR, 2012 WL 6216743, at *2 (M.D. Ga. Dec. 13, 2012) (emphasis added). This is common-sense, as "there no longer exists a need to bring official-capacity actions against local government officials, because local government units can be sued directly[.]" *Busby v. City of Orlando*, 931 F.3d 764, 776 (11th Cir. 1991); *see also Gonser v. Twiggs Cnty.*, 182 F. Supp.2d 1253, 1257 (M.D. Ga. 2002) ("When suit is also filed against the government entity, it is appropriate for the Court to dismiss the named defendants in their official capacities . . . Plaintiff has sued both Twiggs County and the Board of Commissioners. Suit against the commissioners in their official capacity is duplicative of the suit against the County. Accordingly, those claims should be dismissed."); *Stephens v. Ga. Dep't of Transp.*, 2009 WL 3747167, * 2 (M.D. Ga. 2009) ("Plaintiff's claims against the four individual Defendants must be dismissed as redundant of his claims against the DOT . . . [I]n a suit against both an entity and the entity's officer in his official capacity, the named individual defendant in his official capacity should be dismissed as redundant."). It is these cases, and not the District of

2

Utah case Plaintiffs cite, to which the Court should look. Regardless, *Navajo Nation Human Rights Commission v. San Juan County*, Case No. 2:16-cv-00254, 2017 WL 3972481 (D. Utah, Sept. 7, 2017), is distinguishable from this case because there, plaintiffs named individual county commissioners but not the county commission itself, so the argument for redundancy was not as strong. Here, the Court should dismiss Ms. Perkins in her official capacity as redundant.

The argument for dismissing Ms. Perkins from this suit is further supported by the fact that Ms. Perkins cannot provide the injunctive relief Plaintiffs seek. Plaintiffs state that Ms. Perkins conceded that, and it is not in dispute that, "the Election Supervisor can 'generally supervise, direct, and control the administration of the affairs of the board pursuant to law and duly adopted resolutions of the board[,]'" citing to Ms. Perkins' brief. [Doc. 31, p. 2, citing to Doc. 27-1, p. 5]. Plaintiffs again ignore an essential part of that quoted authority, as Ms. Perkins already pointed out: she can do those things only "pursuant to law and duly adopted resolutions of the board." [Doc. 27-1, p. 5]. It is the BOER, then, and not Ms. Perkins, that supervises the elections process and ensures compliance with all laws, as set forth in O.C.G.A. §§ 21-2-40 and 21-2-2(35)(A), *National Bread Co., Inc. v. Cleland*, 697 F. Supp. 1204, 1216 (N.D. Ga. 1988) ("It is the Superintendents who supervise the election and primary process on a local level and ensure compliance with Georgia's election laws."), and the enabling legislation creating the BOER.

Plaintiffs themselves recognize this by stating that "since the Board is the Election Superintendent and has the authority to 'call or hold the elections in Crisp County,' Doc. 27-1, p. 3; O.C.G.A § 21-2-40, it can direct the Elections Supervisor to provide any of the relief sought by Plaintiffs and ordered by this Court." [Doc. 31, p. 3]. Plaintiffs are correct, and Ms. Perkins does not need to be a party to this case in order for the BOER, which is a proper party, to direct her to do something. There is no reason for Ms. Perkins to also be a party, and the claims against her should be dismissed.

3

## B. Plaintiffs' Claims Are Untimely under the Doctrine of Laches

As Plaintiffs recognize, "a plaintiff's claims are untimely under the doctrine of laches 'when judicial relief makes no sense.'" Pls.' Resp., p. 9, citing *White v. Daniel*, 909 F.2d 99, 104 (4th Cir. 1990). They argue that judicial relief makes sense here because elections in Crisp County for the Board of Education are scheduled in 2018 and 2020, before the 2020 census becomes available. Pls.' Resp., p. 9. Plaintiffs will likely be unable to obtain relief before qualifying for the 2018 election begins—which is in less than five months—and have themselves made that even more improbable by consenting to a stay of this case. [Doc. 34].[1] As the Court decided in the *White* case, "[i]t makes far more sense to await the [2020] census figures and the [2021] reapportionment (if required) than for a court to intervene at such a late hour. If the [2021] reapportionment should violate the Voting Rights Act, the plaintiffs may assert a new justiciable cause of action." 909 F.2d at 104.

## CONCLUSION

The Court should dismiss all claims against Ms. Perkins under Federal Rule of Civil Procedure 12(b)(6) because she cannot be the subject of an injunction even if Plaintiffs were to obtain one. She does not call or control the elections in Crisp County; the Board of Elections and Registration does that. Regardless, her presence in the case is entirely redundant and she should be dismissed on that basis alone. Further, Plaintiffs' years' long delay in bringing their claim is unreasonable and will be prejudicial to Crisp County if it is forced now to change the election

---

[1] Any agreement between Plaintiffs and the Crisp County Board of Education would have to be legislatively adopted, and the General Assembly does not reconvene until January 8, 2018.

system for one or two[2] elections prior to the next Census.   For these reasons, Ms. Perkins respectfully asks for dismissal from this case.

    Respectfully submitted this 18th day of October, 2017.

                                                             /s/ John J. Park, Jr.
                                                             John J. Park, Jr.
Georgia Bar No. 547812
jjp@sbllaw.net
Frank B. Strickland
Georgia Bar No. 687600
fbs@sbllaw.net
Barclay S. Hendrix
Georgia Bar No. 917852
barclay.hendrix@sbllaw.com
STRICKLAND BROCKINGTON LEWIS LLP
Midtown Proscenium Suite 2200
1170 Peachtree Street NE
Atlanta, Georgia 30309
(678) 347-2200 (telephone)
(678) 347-2210 (facsimile)

*Attorneys for Defendant Becky Perkins in her official capacity as Elections Supervisor of the Crisp County Board of Elections and Registration*

---

[2] Ms. Perkins respectfully reiterates that a change for the 2018 election is unlikely in that qualifying for the two positions that are up for election will begin in less than five months, on March 5, 2018. *See* http://sos.ga.gov/index.php/elections/2018_elections_and_voter_registration_calendar.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| MATHEW WHITEST, M.D., *et al.*, ) | |
| ) | |
| Plaintiffs, ) | CIVIL ACTION NO.: |
| ) | 1:17-cv-109-LJA |
| v. ) | |
| ) | |
| CRISP COUNTY, GEORGIA BOARD OF ) | |
| EDUCATION, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I have this day electronically served the within and foregoing **REPLY BRIEF IN FURTHER SUPPORT OF MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT BY DEFENDANT BECKY PERKINS, IN HER OFFICIAL CAPACITY AS ELECTIONS SUPERVISOR OF THE CRISP COUNTY BOARD OF ELECTIONS AND REGISTRATION** to the following attorneys of record:

M. Laughlin McDonald, Esq.
2700 International Tower
229 Peachtree Street, NE
Atlanta, GA 30303
lmcdonald@aclu.org

Bryan L. Sells, Esq.
P.O. Box 5493
Atlanta, GA 31107
bryan@bryansellslaw.com

Aklima Khondoker
Sean J. Young
American Civil Liberties Union of Georgia
P. O. Box 77208
Atlanta, Georgia 33057
akhondoker@acluga.org
syoung@acluga.org

        Phillip L. Hartley
        Hieu M. Nguyen
        Harben, Hartley & Hawkins, LLP
        340 Jesse Jewell Parkway, Suite 750
        phartley@hhhlawyers.com
        hnguyen@hhhlawyers.com

This 18th day of October, 2017.

        <u>s/ John J. Park, Jr.</u>
        John J. Park, Jr.
        Georgia Bar No. 547812