FILED '19 06 06 PM04:51 MDGA-MAC

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| MATHEW WHITEST, et al., | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | CIVIL CASE NO.: 1:17-CV-00109-LAG |
| | * | |
| CRISP COUNTY GEORGIA BOARD OF | * | |
| EDUCATION, ET AL., | * | |
| | * | |
| Defendants. | * | |

## MOTION TO DROP PLAINTIFFS MATHEW WHITEST and CURTIS LUCAS JR. and MOTION TO DISQUALIFY BRYAN SELLS, LAUGHLIN McDONALD, AKILIMA KHONDOKER, SEAN J. YOUNG, and AMERICAN CIVIL LIBERTIES UNION (ACLU) OF GEORGIA

COMES NOW Plaintiff, CRANDALL O. POSTELL (hereinafter "Postell"), pro se, pursuant to Rule 21 of the Federal Rules of Civil Procedures hereby files this Motion to Drop Plaintiffs Mathew Whitest and Curtis Lucas Jr. and moves to disqualify Bryan Sells, Laughlin McDonald, Akilima Khondoker, Sean J. Young, and American Civil Liberties Union (ACLU) of Georgia ("the Movants") from the above entitled matter and for the following reason:

Approximately May of 2017, Plaintiffs Mathew Whitest, Sarah Williamson, Kenya Williamson, Betty Jean Williamson, George Whitehead, Jr., Curtis Lucas, Jr., and Crandall O. Postell entered into an Engagement Agreement whereby the ACLU and attorneys working with the ACLU would represent the Plaintiffs only in a Section 2 Claim of the Voting Rights Act.

Prior to this agreement the Plaintiffs agreed on Crisp County BOE Plan 1 which consist of a six (6) member district with the population approximately 3,890 to 3,930 people per district and the absolute overall range of 40.00.

After suit was filed the Defendant BOE demanded that the Plaintiffs agree to change to a 4-1 district; all of the Whitest Plaintiffs' counselors and the Whitest Plaintiffs agreed with the Defendant BOE's 4-1 plan.

## THE APPLICABLE LEGAL STANDARD

Rules of Civil Procedure, Rule 21. Misjoinder and Nonjoinder of Parties states: "Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party.

## PLAINTIFFS MATHEW WHITEST AND CURTIS LUCAS, JR. BREACHED THEIR AGREEMENT

The Whitest Plaintiffs knew and understood Crisp County BOE consist of a six (6) member district. The Whitest Plaintiffs knew that they were under contract ("Engagement Agreement") and had an obligation to the Postell Plaintiffs that they would not breach their agreement and change sides. The Whitest Plaintiffs entered into the agreement and should be made to keep that agreement, but at this point the Whitest Plaintiffs can not be trusted and should be drop (removed) from these proceeding. When a party enter into an agreement, they are required to hold their end of the agreement, should they not, then they should suffer the consequences of their actions.

On May 22 & 28, 2019, Plaintiff Postell spoke with the Whitest Plaintiffs and informed them they breached their contract and requested for their withdrawal, both Plaintiffs stated: "You can file whatever you want, I'm staying with the ACLU". It is clear that the Whitest Plaintiffs understands that they breached their contract but have no regrets.

This Court should examine the pleading to understand fully what has transpired here, the Movants were not giving legal advice, but deceitful tactics, bad faith, and lying to achieve one goal; get paid without going to trial.

## GROUNDS FOR DISQUALIFICATION

The Movants claimed they want to continue representation of the Whitest Plaintiffs, the Movants' motion to withdraw was granted, they are no longer representative of the Postell Plaintiffs. Rule 1.7a Conflict of Interest is clear and states; "A lawyer shall not represent or continue to represent a client if there is a significant risk that the lawyer's own interests or the lawyer's duties to another client, a former client, or a third person will materially and adversely affect the representation of the client, except as permitted in (b). Here, even if Postell gave his consent, it would not be permissible. Rule 1.7c; Client informed consent is not permissible if the representation: (1) is prohibited by law or these Rules; (2) includes the assertion of a claim by one client against another client represented by the lawyer in the same or substantially related proceeding; or (3) involves circumstances rendering it reasonably unlikely that the lawyer will be able to provide adequate representation to one or more of the affected clients. Postell filed his motion for sanctions against the Movants and now has filed this motion to drop the Whitest Plaintiffs and has asserted claims against the Whitest Plaintiffs that they breached their contract. Postell will seek damages against the Movants and the Whitest Plaintiffs.

Rule 1.9 Conflict of Interest: Former Client. a. A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in

writing. [2] The scope of a "matter" for purposes of this Rule depends on the facts of a particular situation or transaction. The lawyer's involvement in a matter can also be a question of degree. When a lawyer has been directly involved in a specific transaction, subsequent representation of other clients with materially adverse interests in that transaction clearly is prohibited.

Because Postell has already discussed the substance of the claims for which he seeks disqualification and to drop the Whitest Plaintiffs (*see* Plaintiffs' Response in Opposition to Counselors' Motion to Withdraw as Counsel (Doc. 51 and 52), Plaintiff Postell's Motion for Sanction Against M. Laughlin McDonald, Bryan L. Sells, Aklima Khondoker, Sean J. Young, and the ACLU (Doc. 54)), Plaintiff Crandall O. Postell's Motion for an Evidentiary Hearing (DOC. 58), and Plaintiff Crandall O. Postell's Reply to Plaintiffs Counsel's Response in Opposition to Motion for an Evidentiary Hearing (DOC. 61)) he will not repeat those arguments here. Postell does, however, incorporate by reference, as if fully reproduced herein, the facts and legal arguments asserted in those pleadings concerning bad faith, misconduct, and the disclosure of the details of mediation in the Movants' Joint Status Report and their Motion to Withdraw as Counsel for which disqualification is sought.

The Movants are not a party to this lawsuit, Postell has stated clearly that he will seek new counsel. Should this Court drop the Whitest Plaintiffs, the Movants would have no one to represent, therefore the Movants would be disqualified.

The Movants' Joint Status Report, should have just informed the Court no settlement was reached, no need to go any further, no need to explain to the Court what happen at mediation are informed the Court who committed certain actions or inaction.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Plaintiff Postell requests that the Court issue an order disqualifying Whitest Plaintiffs' counsels of record and dismissing the Whitest Plaintiffs from this case.

Dated: June 6, 2019.

Respectfully submitted,

Crandall O. Postell, pro se
311 1st Ave. West, Apt. A
Cordele, Georgia 31015
(229) 699-0487

## CERTIFICATE OF SERVICE

I hereby certify that on June 6, 2019, I filed the foregoing **Motion to Drop Plaintiff Mathew Whitest and Curtis Lucas, Jr. and Motion to Disqualify Bryan Sells, Laughlin McDonald, Akilima Khondoker, Sean J. Young, and American Civil Liberties Union (ACLU) of Georgia** with the Clerk of the Court (Macon Division). The Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorneys of record:

Laughlin McDonald – lmcdonald@aclu.org
Aklima Khondoker – akhondoker@acluga.org
Sean J. Young – syoung@acluga.org
Bryan L. Sells – bryan@bryansellslaw.com
Phillip L. Hartley – phartley@hhhlawyers.com
Hieu M. Nguyen – hnguyen@hhhlawyers.com
Frank B. Strickland – fbs@sbllaw.net
John J. Park, Jr. - jjp@sbllaw.net
Annie W. Lewis – awl@sbllaw.com
Barrclay S. Hendrix – barclay.hendrix@sbllaw.com
Sarah Williamson – Swilliamson3507@yahoo.com
Kenya Williamson – kenya9501@gmail.com
Betty Jean Williamson – Swilliamson3507@yahoo.com
George Whitehead, Jr. - brownhiduke@yahoo.com

Crandall C. Postell

Crandall O. Postell, pro se
311 1st Ave. West, Apt. A
Cordele, Georgia 31015
(229) 699-0487