IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| MATHEW WHITEST, M.D., SARAH ) <br> WILLIAMSON, KENYA WILLIAMSON, ) <br> BETTY JEAN WILLIAMSON, GEORGE ) <br> WHITEHEAD, JR., CURTIS LUCAS, ) <br> JR., and CRANDALL POSTELL, ) <br>   ) <br>     Plaintiffs, ) <br>   ) <br> v. ) <br>   ) <br> CRISP COUNTY SCHOOL DISTRICT; ) <br> SCOTT FOREHAND, LYDIA ADKINS, ) <br> LELEE PHINNEY, LONNIE NELMS, JUSTIN ) <br> POSEY and DR. ELIZABETH MADDOX in their ) <br> official capacities as members of the Board of ) <br> Education of Crisp County; and CRISP COUNTY ) <br> BOARD OF ELECTIONS AND REGISTRATION ) <br>   ) <br>   ) <br>     Defendants. ) | CIVIL ACTION NO.: <br> 1:17-cv-00109-LJA |

**CONSENT ORDER**

Plaintiffs, Mathew Whitest, M.D. and Curtis Lucas, Jr. and Defendants, Crisp County School District and Scott Forehand, Justin Posey, Lydia Adkins, Lelee Phinney, Lonnie Nelms and Dr. Elizabeth Maddox, in their official capacities as members of the Board of Education of Crisp County (hereafter BOE or BOE Defendants), and the defendant Crisp County Board of Elections and Registration have agreed to resolve all matters in dispute between them in this litigation without further proceedings upon approval by the Court of this Consent Order on the terms provided herein.

Plaintiffs were two of the original plaintiffs who brought this action under section 2 of the Voting Rights Act challenging the current method of electing the six members of the Board of Education of Crisp County, which currently has all members being elected at-large, three of them qualifying from within the city limits of Cordele, and the other three qualifying from three residency districts within the county outside those city limits.

The current method of electing BOE members is established by a local provision of the Georgia Constitution, 1956 Ga. Laws 111 and implementing legislation in 1957 Ga. Laws 2066. This constitutional amendment provided for the merger of the former independent school system of the City of Cordele with the Crisp County School District. While the implementing legislation has been amended in ways not relevant to this litigation or the election of board members since 1957, there has never been a change in the method by which members of the BOE are elected or the residency requirements for members of the BOE.

According to the 2010 Census, the total population of Crisp County was 23,439, of whom 12,487 (53.27%) persons identified as White and 10,079 (43.00%) persons identified as Black. The remainder of the population identified as Hispanic or Other.

The membership of the Crisp County Board of Education currently consists of five white members and one African-American member. There has been one African-American and five white members on the BOE for at least the last 40 years. As a result of the 2020 elections, the Board of Education will have six white members as of July 1, 2021.

While the Defendants deny liability, the parties agree that there is a substantial evidentiary and legal basis for the plaintiffs' claim that the current method of electing BOE members violates section 2 of the Voting Rights Act.

With the consent of the named Plaintiffs and the Defendants, it is hereby ORDERED, ADJUDGED and DECREED that:

1. The Defendants are enjoined from conducting any future elections under the current method of electing members of the Board of Education. Other than as expressly provided herein, all provisions of Georgia law including all provisions of the local constitutional amendment, its implementing legislation and subsequent amendments to that legislation, shall continue in force and effect.

2. The Defendants, no later than 7 days after the entry of this Order, shall contact the Crisp County legislative delegation in the Georgia General Assembly to coordinate the introduction of local legislation to provide for a referendum in 2022 to dissolve the local constitutional amendment described above and replace it with local legislation enacting a new method of electing members of the Board of Education as of the 2022 election that conforms to the following parameters.

    A. The Board shall consist of five members. Four members shall be elected from single-member districts, and one member shall be elected at large from within the County. Members must reside in the district they represent. Except as set forth below, all members shall have four-year terms and shall be elected on a partisan basis at the general election held in November of even-numbered years. Members will take office on January 1 following their election.

    B. Two of the plan's single-member districts shall be located in and around the north and south sides of the City of Cordele. The other two districts shall be located in and around the east and west sides of the remainder of the County. The districts shall be comprised of contiguous territory and should avoid pairing incumbents to the extent practicable. The districts

shall comply with the one-person-one-vote principle guaranteed by the Fourteenth Amendment. The districts shall be reasonably compact and shall comply with other state policy objectives to the extent practicable.

   C.  The plan shall give African-American voters a realistic opportunity to elect candidates of their choice to at least two seats on the Board of Education.

   D.  For purposes of transition, all members of the Board of Education will be up for election at the general election in November 2022. A member from the northern city district, the eastern county district and the at-large seat shall initially be elected to a two-year term. Those seats shall be elected to four-year terms beginning in 2024 and every four years thereafter. The other two districts shall be elected to four-year terms beginning in 2022 and every four years thereafter.

  3.  The defendants shall endeavor to provide the plaintiffs with a copy of any draft legislation prior to its introduction in the General Assembly so that they have an opportunity to confirm that it complies with the terms of this Order.

  4.  The parties agreeing to this Order are directed to take all reasonable actions to encourage and support the legislation necessary to comply with this Order. They are further directed to take all reasonable actions to support passage of any referendum necessary to adopt a legislative plan in accordance with Georgia law.

  5.  This Order will automatically terminate if the rescission of the constitutional amendment is placed on the ballot as allowed by law, approved by the voters and an implementing local act providing for the terms set forth in this order is adopted by the General Assembly and signed by the Governor. Thereafter, the implementing local act, including the districts from which BOE members are elected and all other terms of this Order, shall be subject to amendment through

the state legislative process. Election of the members of the BOE will continue to be subject to all applicable federal laws including section 2 of the Voting Rights Act.

6. This Court shall otherwise retain jurisdiction over this action and the parties may move the Court to adopt an interim plan following receipt of the 2020 Census data that complies with the parameters above for use until superseded by state legislation adopted in accordance with state and federal law.

7. In the event a vacancy occurs on the BOE after the date this order is signed, then the position will be filled in accordance with O.C.G.A. §20-2-54.1. This provision shall also be included in local legislation described above.

8. Plaintiffs are not barred by the dismissal of this action from bringing a subsequent action: (1) claiming that BOE Defendants have failed to abide by the terms of this Order; or (2) claiming that any subsequent local legislative act designed to result in the termination of this Order as described above is in violation of this Order, the Voting Rights Act or any applicable law.

SO ORDERED this _____ day of _____, 2021.

_____
LESLIE A. GARDNER, JUDGE
UNITED STATES DISTRICT COURT

Consented to:

| | |
|---|---|
| **s/Bryan L. Sells**<br>Bryan L. Sells<br>Georgia Bar No. 635562<br>The Law Office of Bryan Sells, LLC<br>P. O. Box 5493<br>Atlanta, Georgia 31107<br>(404) 480-4212<br>Email: bryan@bryansellslaw.com | **s/*Phillip L. Hartley*** <br>Phillip L. Hartley<br>Georgia Bar No. 333987<br>Hieu M. Nguyen<br>Georgia Bar No. 382526<br>Harben, Hartley & Hawkins, LLP<br>340 Jesse Jewell Parkway, Suite 750<br>Gainesville, Georgia 30501<br>(770) 534-7341<br>Email: phartley@hhhlawyers.com<br>Email: hnguyen@hhhlawyers.com<br><br>ATTORNEYS FOR BOE DEFENDANTS |
| Sean J. Young<br>Georgia Bar No. 790399<br>American Civil Liberties Union of Georgia<br>P. O. Box 77208<br>Atlanta, Georgia 33057<br>(770) 303-8111<br>Email: syoung@acluga.org<br><br>Dale E. Ho<br>American Civil Liberties Union Foundation, Inc.<br>125 Broad Street, 18th Floor<br>New York, NY 10004<br>Telephone: (212) 284-7332<br>Email: dho@aclu.org<br><br>ATTORNEYS FOR WHITEST PLAINTIFFS | *s/ Bryan P. Tyson*<br>Frank B. Strickland<br>Georgia Bar No. 687600<br>fstrickland@taylorenglish.com<br>Bryan P. Tyson<br>Georgia Bar No. 515411<br>btyson@taylorenglish.com<br>Loree Anne Paradise<br>Georgia Bar No. 382202<br>lparadise@taylorenglish.com<br>TAYLOR ENGLISH DUMA LLP<br>1600 Parkwood Circle, Suite 200<br>Atlanta, GA 30339<br>770.434.6868 (telephone)<br><br>ATTORNEYS FOR THE CRISP COUNTY BOARD OF ELECTIONS AND REGISTRATION |