IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| MATTHEW WHITEST, *et al.*, | : |
| Plaintiffs, | : |
| v. | : CASE NO.: 1:17-CV-109 (LAG) |
| CRISP COUNTY GEORGIA BOARD OF EDUCATION, *et al.*, | : |
| Defendants. | : |

# ORDER

Before the Court is Whitest Plaintiffs' Motion for Leave to Amend their Complaint (Motion) (Doc. 107). Therein, the Whitest Plaintiffs seek to amend their Complaint to "add a claim of discriminatory purpose based on facts that were uncovered during the discovery process in this case." (*Id.* at 1). For the reasons set forth below, Plaintiffs' Motion is **DENIED**.

## BACKGROUND

On June 14, 2017, Plaintiffs filed this case. (Doc 1). On August 30, 2017, Plaintiffs amended their complaint to add an additional Defendant pursuant to Federal Rule of Civil Procedure 15(a). (Doc. 24). On May 25, 2021, following a lengthy stay and an unsuccessful mediation, the Court entered an Amended Scheduling and Discovery Order, which gave the Parties until June 1, 2021 to amend the pleadings. (Doc. 106). On May 28, 2021, the Whitest Plaintiffs filed this Motion to amend their complaint. (Doc. 107). Defendants timely filed an objection. (Doc. 109).[1] Accordingly, the Motion is ripe for review. M.D. Ga. L.R. 7.3.1(A).

---

[1]    On August 9, 2021, Plaintiff Postell filed a "Motion to Strike Pursuant to Federal Rules of Civil Procedure 12(f)," in which he urges the Court to strike the Whitest Plaintiffs' Motion for Leave to Amend their Complaint (Doc. 107) and the Motion for Summary Judgment (Doc 110), arguing the Motions are inappropriate because not all of the Plaintiffs consented to the filing of the Motions. (Doc. 116 at 1). Plaintiff Postell bases his argument on the Court's prior rulings that the Court could not enter a consent

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 15(a), "[a] party may amend its pleading once as a matter of course" within certain timeframes. In all other cases, "a party may amend its pleading only with the opposing party's written consent or the court's leave," and "the court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "Although [l]eave to amend shall be freely given when justice so requires, a motion to amend may be denied on numerous grounds such as undue delay, undue prejudice to the defendants, and futility of the amendment." *Maynard v. Bd. of Regents of Div. of Univs. of Fla. Dep't of Educ. ex rel. Univ. of S. Fla.*, 342 F.3d 1281, 1287 (11th Cir. 2003) (alteration in original) (internal quotation marks and citation omitted).

---

decree that was opposed by some of the Plaintiffs. Plaintiff Postell's current Motion to Strike misunderstands and misapplies the Court's prior statements and rulings. While the Court did decline to enter the consent decree, explaining that entering such a decree (which the Eleventh Circuit has held is a "final judgement") without the consent of all parties would "be a clear abrogation of the rights of the Postell Plaintiffs," that reasoning does not apply to orders which are not final judgments in a case. (Doc. 103 at 4).

An order on a Motion to Amend is not a final judgment, and it is not inappropriate for one party to file such a motion without the consent of all parties. As to the Motion for Summary Judgment, while an order on a Motion for Summary Judgment can be a final judgment, the law allows for the Court to grant summary judgment absent the consent of all parties. In his Motion to Strike, Plaintiff Postell quotes only part of the pertinent language in the Court's Order. In the Order denying the Consent Decree, the Court quoted the Eleventh Circuit: "In 'any other adversary proceeding' a nonconsenting party's rights cannot be abrogated merely upon a showing of a prima facie case; that can be done only in a judgment entered following trial (***or summary judgment***)." (Doc. 103 at 4) (emphasis added) (quoting *United States v. City of Hialeah*, 140 F.3d 968, 977 (11th Cir. 1998)). Accordingly, a Motion for Summary Judgment is not inappropriate merely because not all of the parties to an action, or even all of the plaintiffs, consent to the filing thereof. Plaintiff has cited no other reason for striking either the Motion to Amend or the Motion for Summary Judgment.

Furthermore, Plaintiff Postell's motion is untimely. Rule 12(f) requires a motion to strike made by a party "before responding to the pleading, or, if a response is not allowed, within 21 days after being served with the pleading." Rule 12(f)(2). Plaintiff Postell filed this motion 73 days after service of the Motion to Amend and 30 days after service of the Motion for Summary Judgment. (*See* Docket). Plaintiff Postell's Motion to Strike is therefore outside of the 21 days granted in Rule 12(f)(2). Moreover, even if the Court were to construe this as a response to the Motion to Amend or the Motion for Summary Judgment, it would be untimely pursuant to Middle District of Georgia Local Rule 7.3.1 which requires responsive pleadings to be filed within 21 days of service. Plaintiff Postell's Motion to Strike (Doc. 116) is therefore **DENIED**.

### DISCUSSION

"[I]t is incumbent upon the movant to show that the information upon which the new claim is based was unknown or unavailable prior to filing the motion." *Senger Bros. Nursery, Inc. v. E.I. Dupont de Nemours & Co.*, 184 F.R.D. 674, 679 (M.D. Fla. 1999) (citation omitted). Here, Plaintiffs seek to "add a claim of discriminatory purpose based on facts that were uncovered during the discovery process in this case." (Doc. 107 at 1). Plaintiffs represent that, through discovery, they uncovered that the origin of the at-large system of electing members of the Board of Education in Crisp County, Georgia was based on "intentional racial discrimination." (*Id.* at 1, 5). Plaintiffs claim that the origin of the at-large system for elections "is the Georgia General Assembly's 1956 legislative session at which the State adopted a strategy of 'interposition' and massive resistance to desegregation by adopting a wide variety of measures designed to maintain white supremacy." (*Id.* at 5).

Plaintiffs acknowledge that this proposed amendment "comes more than four years into the case." (*Id.*). Furthermore, Plaintiffs base their "newly discovered" claims on information that has been in the public record for at least sixty-five years. (Doc. 109 at 1). Even the citation Plaintiffs rely on to support their new claim—that the 1956 General Assembly intended to maintain white supremacy—is a 21-year-old article available to the general public on the Georgia Senate's website. (*Id.* at 3). Plaintiffs cannot credibly argue that the Georgia General Assembly's adoption of a strategy of interposition in 1956, which has been widely discussed and debated in all manner of civil rights cases in the six decades since, and which the General Assembly acknowledges in an article on its own website, was unknown or unavailable such that Plaintiffs only became aware of it in discovery.

"Under Rule 15, the movant has the burden of demonstrating the propriety of the amendment." *Schutz Container Sys., Inc. v. Mauser Corp.*, No. 1:09-CV-03609-RWS, 2010 WL 5087865, at *2 (N.D. Ga. Dec. 7, 2010) (citation omitted). "Leave to amend a complaint should be denied when the moving party has unduly delayed in bringing the

motion before the court." *Senger Bros. Nursery, Inc.*, 184 F.R.D. at 678 (citation omitted). Plaintiffs have failed to carry their burden of showing that the new claim is based on information that previously "was unknown or unavailable." *Id.* at 679. In light of the four years that have lapsed since the filing of the Complaint and the fact that there is no truly newly discovered evidence, Plaintiffs unduly delayed moving to amend the Complaint on their asserted basis.

## CONCLUSION

Because of their undue delay, Plaintiffs fail to show good cause to amend their pleading under Rule 15. Therefore, Plaintiffs' Motion is **DENIED**.

**SO ORDERED**, this 20th day of August, 2021.

/s/ Leslie A. Gardner
**LESLIE A. GARDNER, JUDGE**
**UNITED STATES DISTRICT COURT**