IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| **Mathew Whitest**, et al.,<br><br>    Plaintiffs,<br><br>vs.<br><br>**Crisp County School District**, et al.,<br><br>    Defendants. | Case No. 1:17-cv-109-LAG<br><br>**Whitest Plaintiffs' Motion to Reopen the Case and Enter Final Judgment** |

On March 28, 2024, this Court ordered the parties to do one of two things: (1) "file a Stipulation of Dismissal;" or (2) "move to reopen this case." (ECF 183 at 1.) Because a stipulation of dismissal would be inappropriate here, Plaintiffs Dr. Mathew Whitest and Curtis Lucas, Jr. (the "Whitest plaintiffs") respectfully move the Court to reopen the case and to enter final judgment in the plaintiffs' favor.

In support of their motion, the Whitest plaintiffs recount the following history of this case.

- On August 20, 2021, this Court concluded that the existing at-large method of electing members of the Crisp County Board of

Education violated Section 2 of the Voting Rights Act and granted the Whitest Plaintiffs' Motion for Summary Judgment. (ECF 119.)

- On April 28, 2022, the Court entered a remedial order that, among other things, permanently enjoined the Crisp County School District and the Crisp County Board of Elections and Registration "from conducting any future Crisp County Board of Education elections" using the unlawful method of election. (ECF 160 at 11-12.) The Court also retained jurisdiction to enforce the remedial order "and for such further relief as may be appropriate." (ECF 160 at 12.)
- After a series of orders extending the deadline for filing a motion for attorney's fees, the parties negotiated an out-of-court settlement that made the filing of such a motion unnecessary, and the extended deadline passed with no fee motion filed. (ECF 162, 169, 173, 175.)
- Even though the Court granted summary judgment in the plaintiffs' favor, the clerk has never entered a final judgment in the plaintiffs' favor.

In light of this history, an order dismissing this case would be inappropriate, as it would lift the Court's permanent injunction against the defendants. Instead, the Court should simply direct the clerk to enter a final judgment for the reasons stated in its order of August 20, 2021, and April 28, 2022. *See, e.g.,* Amended Judgment, *Wright v. Sumter Cnty. Bd. of Elections and Registration*, 14-cv-42-WLS (M.D. Ga. Jan. 31, 2020) (ECF 280) (entering judgment for the plaintiff following the entry of a remedial order in a case under Section 2 of the Voting Rights Act). Following entry of final judgment, the Court can direct the clerk to re-close the case.

Dated: April 29, 2024

**/s/ Bryan L. Sells**
Georgia Bar No. 635562
The Law Office of Bryan L. Sells, LLC
Post Office Box 5493
Atlanta, Georgia 31107-0493
Telephone: (404) 480-4212
Email: bryan@bryansellslaw.com

*Attorney for the Whitest Plaintiffs*

## Certificate of Service

I hereby certify that I have filed the foregoing document with the Clerk of Court using the CM/ECF system, which will automatically send email notification of the filing to the following attorneys of record:

Phillip L. Hartley: phartley@hhhlawyers.com
Hieu N. Nguyen: hnguyen@hhhlawyers.com
Frank B. Strickland: fstrickland@taylorenglish.com
Bryan P. Tyson: btyson@taylorenglish.com

I further certify that I have served the foregoing document by U.S. Mail on the following non CM/ECF participants:

Crandall Postell
311 1st Avenue West
Cordele, GA 31015

Kenya Williamson
505 South 14th St
Cordele, GA 31015

George Whitehead, Jr
505 South 14th St
Cordele, GA 31015

Sarah Williamson
505 South 14th St
Cordele, GA 31015

Betty Jean Williamson
305 24th Ave West Apt E
Cordele, GA 31015

Dated: April 29, 2024

**/s/ Bryan L. Sells**
*Attorney for the Whitest Plaintiffs*

4