UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| MATTHEW WHITEST, *et al*, <br><br> Plaintiff, <br><br> v. <br><br> CRISP COUNTY SCHOOL DISTRICT, et al., <br><br> Defendants. | CASE NO. <br> 1:17-cv-109 (LAG) |

**DEFENDANT CRISP COUNTY SCHOOL DISTRICT'S BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO REOPEN CASE AND ENTER FINAL JUDGMENT**

This Court should deny Plaintiff's request to reopen the case to enter final judgment on the order granting summary judgment and this Court's final order approving the legislative remedy. The sole reason offered by Plaintiff to reopen the case is the argument that dismissal of the order "would lift the permanent injunction against Defendant." See, Pl. Motion, Doc. No. 184, at 3. Plaintiff contends this Court should enter final judgment because it "retain[s] jurisdiction to enforce the provisions of this Order and for such further relief as may be appropriate." 04/28/2022 Final Order, Doc. No. 160, at 12. However, there is nothing further to enforce, nothing to enjoin and no further relief (attorneys fees having been settled) to which Plaintiff is entitled. For the reasons set forth below, this Court should deny Plaintiff's Motion. Doc. No. 184.

In approving the legislative remedy proposed by the School District, this Court was thorough in evaluating the School District's remedial plan and conclusively found that HB 1430

1

cured the Section 2 violations.  HB 1430 "eliminate[s] the at-large election scheme for all six Board members and establish[es] a five-member Board with four single-member districts and one at-large district." Id. at 11.  HB 1430 "is an appropriate remedy for the existing Section 2 violations and provides Black voters in Crisp County an equal opportunity to participate and to elect their candidates of choice.…" Id.  In so approving, this Court found there was nothing whatsoever that "suggests that HB 1430 violates the Constitution or the Voting Rights Act." Id.  That decision has now been upheld by the Eleventh Circuit Court of Appeals. See, Opinion and Order, Doc. No. 181.

This Court's final order, in pertinent part, provides:

> Having previously concluded that the existing at-large election method for the election of Crisp County Board of Education members violates Section 2 of the Voting Rights Act, the Court hereby **ENJOINS** the Crisp County School District and Board of Elections and Registration from conducting any future Crisp County Board of Education elections under that unlawful plan. The remedial plan proposed by the School District and enacted by the Georgia General Assembly, HB 1430, is **ADOPTED** as the interim remedial plan for the 2022 primary and general elections for the Crisp County Board of Education.
>
> ****
>
> This remedial plan shall remain in effect until the 1956 local amendment to the Georgia Constitution is rescinded by the voters of Crisp County and HB 1430 becomes fully effective. The Crisp County School District and Board of Elections and Registration are **ORDERED** to implement the remedial plan described in HB 1430 promptly and in accordance with the Constitution and laws of the United States.

Final Order at 11-12 (emphasis in original)

First, "HB 1430 was passed by the Georgia General Assembly and signed into law by the Governor of Georgia on March 22, 2022." Id. at 3.  Next, the remedial plan set out in the Order has been implemented by the Defendants.  Lastly, the voters of Crisp County have voted to rescind the offending 1956 local constitutional amendment so that it no longer exists under state

2

law. See, 2023 Ga. Laws 387A (Yes: 2,551; No: 907).  Accordingly, HB 1430 is fully effective.  While this Court has "jurisdiction to enforce the provisions of [its] Order…," it is abundantly clear that there are no provisions to enforce precisely because the passage of HB 1430, implementation of the remedial plan and the rescission of the 1956 local constitutional amendment demonstrate full and complete compliance with this Court's Final Order.

Plaintiffs claim that final judgment on the order is necessary because, "in light of this history, an order dismissing this case would be inappropriate, as it would lift the Court's permanent injunction against the defendants."  Pl. Motion, Doc. No. 184, at 3.  Under the Order, Defendants were enjoined from conducting board of education elections under the "unlawful plan" this Court found in violation of Section 2 of the Voting Rights Act.  This Court's Final Order and the subsequent vote of the people of Crisp County resulted in the permanent elimination of the unlawful plan.  Accordingly, a "permanent" injunction for that purpose is not needed; rather, the injunction is properly read as enjoining elections under the "unlawful plan" until that unlawful plan is eliminated by the passage of HB 1430 and the rescission of the 1956 local constitutional amendment.  As there is no longer any unlawful plan, there is nothing to enjoin.

To the contrary, the plan implemented by the Defendants, as ordered by this Court and agreed to by the moving Plaintiffs, complies with the Voting Rights Act.  Thus, the "history" to which Plaintiffs refer in their Motion is that of Defendants' conceding and accepting liability, offering a legislative remedy that cures the Voting Rights Act violation and implementing a remedial plan in full and complete compliance with the Voting Rights Act and the Constitution.

Here, then, it is clear that the relief Plaintiffs seek is "further relief" by way of an order in perpetuity, enjoining the Defendants from future unlawful conduct, i.e., prospective injunctive

relief.  But awards of prospective injunctions are limited and disfavored in the Eleventh Circuit. "[T]o have standing to obtain forward-looking relief, a plaintiff must show a sufficient likelihood that he will be affected by the allegedly unlawful conduct in the future." Wooden v. Bd. of Regents of Univ. Sys. of Ga., 247 F.3d 1262, 1283 (11th Cir. 2001).

> Because injunctions regulate future conduct, a party has standing to seek injunctive relief only if the party alleges, and ultimately proves, a real and immediate—as opposed to a merely conjectural or hypothetical—threat of future injury. Logically, "a prospective remedy will provide no relief for an injury that is, and likely will remain, entirely in the past." Although "past wrongs are evidence bearing on whether there is a real and immediate threat of repeated injury," ... "[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief ... if unaccompanied by any continuing, present adverse effects."

Id. at 1284, quoting Church v. City of Huntsville, 30 F.3d 1332, 1342 (11th Cir. 1994). The Eleventh Circuit "has often emphasized that to obtain prospective injunctive relief a plaintiff must show that he faces a substantial likelihood of injury in the future." Id.

Plaintiffs cannot meet this exacting standard.  As stated above, HB 1430 was signed into law and the local constitutional amendment, which allowed the unlawful election plan, has been rescinded by Crisp County voters.  Accordingly, Defendants cannot conduct an election under the plan this Court held violated the Voting Rights Act.  "In light of this history," there is no basis for the relief Plaintiffs seek, i.e., entry of judgment of an order that includes a prospective injunction.

Accordingly, this Court should deny Plaintiff's motion to reopen the case to enter final judgment and, instead, issue an order, under Rule 41, dismissing the case.

****

This 17th day of May, 2024.

        **PEREIRA, KIRBY, KINSINGER & NGUYEN, LLP**

        */s/ Phillip H. Hartley*
        Phillip L. Hartley
        Georgia Bar No. 333987

210 Washington Street NW; Suite 203
Gainesville, Georgia 30501
Phone: (770) 534-7341
Email: phartley@pkknlaw.com

        ATTORNEYS FOR DEFENDANTS CRISP COUNTY
        SCHOOL DISTRICT, JUSTIN POSEY, SCOTT
        FOREHAND, LYDIA ADKINS, LELEE PHINNEY,
        LONNIE NELMS AND ELIZABETH MADDOX

## **CERTIFICATE OF SERVICE**

The undersigned attorney does hereby certify that he has on this 17th day of May 2024 date electronically filed the DEFENDANT CRISP COUNTY SCHOOL DISTRIC'TS BRIEF IN OPPOSITION TO THE WHITEST PLAINTIFFS' MOTION TO REOPEN CASE AND ENTER FINAL JUDGMENT, which will automatically send e-mail notification of such filing to the attorney(s) of record:

Bryan L. Sells – bryan@bryansellslaw.com
Sean J. Young – syoung@acluga.org
Dale E. Ho – dho@aclu.org
Frank B. Strickland – fstrickland@taylorenglish.com
Bryan P. Tyson – btyson@taylorenglish.com
Loree Anne Paradise – lparadise@taylorenglish.com
Bryan F. Jacoutot – bjacoutot@taylorenglish.com

and to the following Pro-Se Plaintiff registered to receive electronic filing notices for this case:

Crandall Postell – postellbarbershop@gmail.com

and by depositing same via first class U.S. Mail to the following Pro-Se Plaintiffs:

GEORGE WHITEHEAD, JR 505 SOUTH 14TH ST CORDELE, GA 31015
SARAH WILLIAMSON 505 SOUTH 14TH ST CORDELE, GA 31015
KENYA WILLIAMSON 505 SOUTH 14TH ST CORDELE, GA 31015
BETTY JEAN WILLIAMSON 305 24TH AVE WEST APT E CORDELE, GA 31015


**PEREIRA, KIRBY, KINSINGER & NGUYEN, LLP**

*/s/ Phillip H. Hartley*
Phillip L. Hartley
Georgia Bar No. 333987

210 Washington Street NW; Suite 203
Gainesville, Georgia 30501
Phone: (770) 534-7341
Email: phartley@pkknlaw.com

ATTORNEYS FOR DEFENDANTS CRISP COUNTY SCHOOL DISTRICT, JUSTIN POSEY, SCOTT FOREHAND, LYDIA ADKINS, LELEE PHINNEY, LONNIE NELMS AND ELIZABETH MADDOX