IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| **Mathew Whitest**, et al.,<br><br>　Plaintiffs,<br><br>vs.<br><br>**Crisp County School District**, et al.,<br><br>　Defendants. | Case No. 1:17-cv-109-LAG<br><br>**Whitest Plaintiffs' Reply in Support of their Motion to Reopen the Case and Enter Final Judgment** |

　　The Whitest plaintiffs respectfully submit this reply in support of their motion to reopen the case and enter final judgment. (ECF 184.) The Crisp County Board of Elections and Registration does not oppose the motion. The Crisp County School District does. (ECF 185.) Because the School District's arguments lack merit, the Court should grant the Whitest plaintiffs' motion and enter final judgment.

　　This Court previously granted the Whitest plaintiffs' motion for summary judgment. (ECF 119.) Even so, the clerk never entered a final judgment in the plaintiffs' favor. That may have been an oversight or inadvertence, but it was a mistake in any case. The Court should correct

that mistake, direct the clerk to enter the judgment that this Court has already granted, and close the case for good.

Notably, the School District didn't appeal the Court's grant of summary judgment. It hasn't sought relief from that judgment under Rule 60. The School District merely argues that the Court should not enter final judgment because it has complied with the Court's remedial injunction. (ECF 185 at 3.)

Maybe so, but that's no reason to forestall final judgment. Indeed, failing to enter final judgment and a permanent injunction would leave the School District free to re-adopt the method of election that this Court has already found to discriminate against Black voters. And dismissing the case, as the School District requests, would likely prolong this case for years to come.

The School District also argues that the Court should not enter a permanent injunction and final judgment here because that would constitute "further relief" to which the plaintiffs are not entitled. (ECF 185 at 3-4.) Not so. A final judgment is not "further relief" here but only the relief to which the plaintiffs are already entitled by virtue of the Court's grant of summary judgment and finding that the challenged

method of electing school-board members is discriminatory. Such relief is standard in voting cases. *See, e.g.,* Amended Judgment, *Wright v. Sumter Cnty. Bd. of Elections and Registration*, 14-cv-42-WLS (M.D. Ga. Jan. 31, 2020) (ECF 280) (entering judgment for the plaintiff following the entry of a remedial order in a case under Section 2 of the Voting Rights Act). The School District hasn't identified a single case in which a court granted summary judgment but failed to enter a final judgment under similar circumstances.

    Accordingly, the Court should reopen the case and direct the clerk to enter final judgment in the plaintiffs' favor.

Dated: May 29, 2024

**/s/ Bryan L. Sells**
Georgia Bar No. 635562
The Law Office of Bryan L. Sells, LLC
Post Office Box 5493
Atlanta, Georgia 31107-0493
Telephone: (404) 480-4212
Email: bryan@bryansellslaw.com

*Attorney for the Whitest Plaintiffs*

## Certificate of Service

I hereby certify that I have filed the foregoing document with the Clerk of Court using the CM/ECF system, which will automatically send email notification of the filing to the following attorneys of record:

Phillip L. Hartley: phartley@hhhlawyers.com
Hieu N. Nguyen: hnguyen@hhhlawyers.com
Frank B. Strickland: fstrickland@taylorenglish.com
Bryan P. Tyson: btyson@taylorenglish.com

I further certify that I have served the foregoing document by U.S. Mail on the following non CM/ECF participants:

Crandall Postell
311 1st Avenue West
Cordele, GA 31015

Kenya Williamson
505 South 14th St
Cordele, GA 31015

George Whitehead, Jr
505 South 14th St
Cordele, GA 31015

Sarah Williamson
505 South 14th St
Cordele, GA 31015

Betty Jean Williamson
305 24th Ave West Apt E
Cordele, GA 31015

Dated: May 29, 2024

**/s/ Bryan L. Sells**
*Attorney for the Whitest Plaintiffs*